**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 23-4717**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANTONIO DEVON HENDERSON,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, District Judge.  (1:23-cr-00163-TDS-1)

_____

Submitted:  October 10, 2024                         Decided:  October 15, 2024

_____

Before WILKINSON and AGEE, Circuit Judges, and FLOYD, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:**  Louis C. Allen, Federal Public Defender, Lisa S. Costner, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Winston-Salem, North Carolina, for Appellant.  Julie Carol Niemeier, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Antonio Devon Henderson pled guilty, without the benefit of a written plea agreement, to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). The district court sentenced Henderson to 78 months' imprisonment and 3 years of supervised release. His attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, but asking this court to review the reasonableness of the selected sentence, including the propriety of the court's decision to deny an acceptance-of-responsibility reduction. Although informed of his right to file a pro se supplemental brief, Henderson has not done so. The Government declined to file a brief. We affirm.

We review "all sentences—whether inside, just outside, or significantly outside the [Sentencing] Guidelines range—under a deferential abuse-of-discretion standard." *United States v. Torres-Reyes*, 952 F.3d 147, 151 (4th Cir. 2020) (internal quotation marks omitted). "First, we 'ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, . . . failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence.'" *United States v. Fowler*, 948 F.3d 663, 668 (4th Cir. 2020) (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)). "If the sentence 'is procedurally sound, [this] court should then consider the substantive reasonableness of the sentence,' taking into account the totality of the circumstances." *United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019) (quoting *Gall*, 552 U.S. at 51). We afford a presumption of reasonableness to any sentence "within

2

or below a properly calculated Guidelines range." *United States v. Gillespie*, 27 F.4th 934, 945 (4th Cir. 2022) (internal quotation marks omitted). A defendant can rebut this presumption only "by showing that the sentence is unreasonable when measured against the . . . § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

Our review of the record confirms the procedural reasonableness of Henderson's sentence. The district court took testimony to resolve Henderson's sentencing objections, which primarily challenged the presentence report's recitation of the facts relevant to the offense conduct. Upon review, we discern no clear error in the district court's rejection of all but one of these objections or in the calculation of Henderson's advisory Guidelines range—including the court's denial of an acceptance-of-responsibility reduction because of Henderson's false denial of the conduct related to the offense of conviction. *See United States v. Jeffery*, 631 F.3d 669, 678 (4th Cir. 2011) (providing standard of review); *see also* U.S. Sentencing Guidelines Manual § 3E1.1 cmt. n.1(A) (2023) (explaining that "[a] defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility"). The district court also (a) afforded the parties an opportunity to argue for an appropriate sentence and heard Henderson's allocution; (b) weighed the § 3553(a) factors it deemed most relevant; and (c) provided a reasoned explanation for the chosen sentence. And because nothing in the record undermines the presumption of substantive reasonableness afforded the selected within-Guidelines sentence, we also conclude that Henderson's sentence is substantively reasonable.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Henderson, in writing, of the right to petition the Supreme Court of the United States for further review. If Henderson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Henderson. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*